## E. HÉBERT et al. *v.* J. C. WOODS.

Plaintiffs' claim to 574 63-100 *arpens* of land was confirmed by Act of Congress of 28th February, 1823. He claimed 574 63-100 *acres*, and in 1849 his claim was surveyed as containing this latter quantity, and the survey approved. *Held:* That the plaintiffs' title to the whole 574 63-100 *acres* would no doubt be good against third persons, and against any one not claiming under the United States Government; but that it is not so as against a purchaser from the Government, whose patent must prevail against a mere survey without title.

APPEAL from the District Court of West Baton Rouge, *Robertson,* J. Tried by a Jury. *David N. Barrow,* for plaintiffs and appellants. *J. E. Elam,* for defendant.

MERRICK, C. J. This suit is brought to recover of the defendant a small tract of land. The controversy grows out of a conflict in the boundaries of the respective tracts of land claimed by the plaintiffs and defendants.

The original grant through which the plaintiffs claim by mesne conveyances was reported to Congress, January 6th, 1821, in these words:

## " CLASS THIRD.

" No. 104. * * * *

" *John Baptist Hébert* claims a tract of land situated in the parish of West Baton Rouge, containing five hundred and seventy-four *arpens* and sixty-five-hundredths, fronting on the Mississippi, and bounded on the upper side by lands of *Alexis Hébert,* and on the lower side by lands of *Charles Hébert.*

" The claimant proves uninterrupted possession and cultivation ever since the year 1792."

This claim so reported was confirmed by the Act of Congress approved 28th February, 1823.   3 vol. Statutes at Large, p. 727.

In the applications to the different Boards of Commissioners, as well as in the accompanying survey, the claim was for 574 63-100 acres instead of arpents.

The tract of land does not appear to have been finally surveyed until 1849, when it was surveyed as containing 575 81-100 acres, and the survey approved by the Surveyor General.

By this survey, the tract of land extends in the rear diagonally into township 8, Range 11 East, and cuts off 28 acres from the East half of the South-East quarter of section 23 in said township, the land claimed by the defendant.

Now, if plaintiffs' claim is limited to 574 63-100 arpents, it will not interfere with the land claimed by defendant.

The defendant claims title to the said East half of section 23, in township 8, range 11 East, in virtue of the Receiver's receipt, dated 14th November, 1842, and a patent issued in May, 1843.

The question is thus presented: which of these titles must prevail?

The plaintiff contends that the Act of Congress was but the recognition of a pre-existing right, and that the courts can go behind the confirmation, in order to ascertain the true boundaries and quantity of land contained in claimants' grant or claim.

The plaintiffs either claim under the Act of Congress or under some prior valid grant from the French or Spanish authorities.  If the latter, it should have been produced, and the Act of Congress would not have been necessary. But the plaintiffs produce no such title.  It is clear, therefore, that their title depends upon the Act of Congress.  When we examine the Act, we find that plaintiffs' author claimed 574 63-100 acres, and that Congress granted him 574 63-100 arpents, and the United States Surveyor, in making the survey, set off to plaintiffs 575.81 acres, including 28 acres of the land claimed by the defendant under his purchase and patent.

The plaintiffs' title to the whole 574 63-100 acres would no doubt be good against third persons and against any one not claiming under the United States Government.  But as between the defendant's patent and the claim of the plaintiffs for all contained in the tract covered by the patent, (which still leaves the plaintiffs their 574 63-100 arpents,) it is evident there is a patent for title on one side and on the other only a survey without title.

The patent must prevail.  But it is suggested that the entry of the half quarter section has been cancelled.  If this be so, it should have been made to appear by proof in the record.  It is further said, that the survey made by the United States Deputy Surveyor shows no conflict between the plaintiffs' tract of land and the East half of the South-East quarter of section 23 in township 8, range 11 East, as shown by the Parish Surveyor.

We think the plaintiffs are precluded from questioning the conflict in the boundary, after admitting on the trial that "there was no dispute about the *locus in quo* of the property in dispute."  The plat furnished by the Parish Surveyor is the only one showing the relative positions of the tracts, and the admission must be considered as having reference to the plat.  Moreover, it is not pretended that the defendant has cut any wood or trespassed beyond the boundaries of his half quarter section.

Judgment affirmed.